UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF FLORIDA, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff American Civil Liberties Union of Florida, Inc. ("Plaintiff" or "ACLU of Florida") files this lawsuit against Defendants United States Department of Homeland Security ("DHS") and United States Immigration and Customs Enforcement ("ICE") for violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for failing to comply with FOIA with respect to three requests the ACLU of Florida issued seeking records related to two individuals' detention in ICE custody at the Baker County Detention Center in Macclenny, Florida ("Baker"). In support, the ACLU of Florida alleges:

### Preliminary Statement

1. FOIA promotes government transparency and accountability by allowing members of the public to request documents and information from federal agencies. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)); *see also News-Press v. U.S. Dep't of Homeland Sec.*, 489 F.3d 1173, 1190 (11th Cir.

2007). Its basic purpose is to ensure an informed citizenry, which is vital to the functioning of a democratic society and needed as a check against corruption and to hold the governors accountable to the governed. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

2. FOIA's commitment to these principles is reflected in both its substance and its procedures. It requires "*full* agency disclosure unless information is exempted under clearly delineated statutory language," *U.S. Dep't of Defense v. Fed. Labor Rels. Auth.*, 510 U.S. 487, 495 (1994) (emphasis supplied), and it mandates that the government move quickly: agencies have 20 business days to grant or deny a request, to explain their reasoning to the requester, and to notify the requester of the right to appeal an adverse decision, *see* 5 U.S.C. § 522(a)(6)(A)(i); *see also* 5 U.S.C. §§ 552(a)(3)(A), 552(b)(1)–(9) (requiring federal agencies, like ICE, to disclose records in response to a member of the public's request, unless those records fall within nine narrow statutory exemptions).

3. In the case of "unusual circumstances," the agency may postpone such determination by an additional 10 business days. *See* 5 U.S.C. § 552(a)(6)(B)(i). If the agency fails to comply with a request within the statutory time period, a FOIA requester is deemed to have exhausted its administrative remedies and can proceed directly to the district court, where the agency must show "exceptional circumstances" justifying its untimeliness and due diligence in remedying the violation. *See* 5 U.S.C. § 552(a)(6)(C).

4. A district court has jurisdiction to enjoin the agency from withholding records and to order production of records that are subject to disclosure. *See* 5 U.S.C. §§ 552(a)(4)(B)

5. As set forth below, on February 21, 2024, the ACLU of Florida submitted two FOIA requests to ICE seeking the below-referenced information related to an individual's immigration detention at the Baker County Detention Center ("Baker"). And on August 23, 2024,

the ACLU of Florida submitted a third FOIA request to ICE seeking information related to a second individual's immigration detention at Baker. Baker detains immigrants on ICE's behalf pursuant to an Intergovernmental Services Agreement ("IGSA") between ICE and the Baker County Sheriff's Office ("BCSO"), the latter of which operates Baker.

6. Defendants acknowledged the receipt of the ACLU of Florida's three FOIA requests, but Defendants have failed to comply with the ACLU of Florida's FOIA requests in the required timeframe under FOIA.

7. As of the date of filing this Complaint, the ACLU of Florida has yet to receive any requested records.

**Parties, Jurisdiction & Venue**

8. Plaintiff ACLU of Florida is a non-profit, tax-exempt organization dedicated to protecting civil liberties and constitutional rights. It serves an important public education function, regularly disseminating information of interest to the public through e-mails, news briefings, and other public-education materials and events. One of the ACLU of Florida's specific missions is to protect immigrants' rights in the state. As part of this mission, the ACLU of Florida investigates the conditions of confinement and the treatment of immigrants in ICE detention centers, such as Baker. The ACLU of Florida conducts business within this district, and its principal office is located in Miami-Dade County, Florida.

9. Defendant ICE is a component of the DHS and an agency of the U.S. government within the meaning of 5 U.S.C. §§ 551, 552(f), and 702. ICE has a field office in this district. ICE has possession, custody, and control of the records the ACLU of Florida seeks, which ICE and BCSO assert are ICE records. The Baker IGSA requires BCSO to coordinate with ICE's Miami Field Office prior to disclosing ICE records.

10. Defendant DHS is an agency of the U.S. government within the meaning of 5 U.S.C. §§ 551, 552(f), and 702. DHS has possession, custody, and control of the records that the ACLU of Florida seeks, including through its component office ICE.

11. Because this action arises under FOIA against an agency of the United States, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 522(a)(4)(B).

12. Venue is proper in this district under 28 U.S.C. § 1391(e) and 5 U.S.C. § 522(a)(4)(B) because the ACLU of Florida's place of business is located in this district.

## Factual Background

13. ICE holds immigrants at more than 130 detention facilities around the United States, including through IGSAs with state agencies, like Baker. *See* ICE, ERO Custody Management Division, *List of ICE Dedicated and Non-Dedicated Facilities*, https://www.ice.gov/doclib/facilityInspections/dedicatedNonDedicatedFacilityList.xlsx (last updated July 8, 2024) (identifying the BCSO as a "Non-Dedicated Facility" subject to ICE standards). All these facilities, including "non-dedicated facilities" like Baker,[1] are subject to variations of the agency's national detention standards.

14. BCSO is obligated to operate Baker in accordance with the 2019 National Detention Standards. *See id.* These standards require facilities like BCSO to implement programs to ensure that detainees are, among other things, not discriminated against and afforded access to services while in ICE detention. According to Defendants, such requirements "ensure that detainees are treated humanely; protected from harm; provided appropriate medical and mental health care; and receive the rights and protections to which they are entitled." ICE, *2019 National*

---

[1] A "non-dedicated facility" means that the facility does not exclusively detain individuals in ICE custody and may also detain individuals charged with or convicted of crimes.

*Detention Standards Overview* at pp. i, www.ice.gov/doclib/detention-standards/2019/overview.pdf (last visited October 24, 2024).

15. Through various investigations, the ACLU of Florida discovered that Baker has consistently failed to ensure the safety and well-being of ICE detainees, in violation of the 2019 National Detention Standards. This prompted the ACLU of Florida and other organizations to file several complaints with DHS's Office for Civil Rights and Civil Liberties ("CRCL"), including one in 2022. *See* September 13, 2022 CRCL Multi-Individual Complaint, https://www.aclufl.org/en/crcl-complaint-baker-county-detention-center.

16. In response to the ACLU of Florida's CRCL complaint, DHS' CRCL office investigated the allegations and confirmed that civil rights violations were occurring at Baker. CRCL subsequently proposed several action items to remedy these civil rights violations at Baker. *See* October 6, 2022 Proposed Immediate Action Plan, https://www.aclufl.org/en/crclfoiaresponsereceived2-13-24. Some of those proposed items included addressing detained individuals' medical concerns, implementing adequate language access services, and undergoing harassment and discrimination training, as CRCL found that Baker staff verbally abused detained individuals, such as by telling detained individuals to go back to their countries and referring to them as "monkeys" and "wet-backs." *See id.*

17. Relevant to the ACLU of Florida's FOIA requests, Baker detention staff failed to act in accordance with its obligations under ICE's National Detention Standards. Accordingly, the ACLU of Florida seeks records pertaining to individuals who were held in immigration detention at Baker as part of its efforts to monitor conditions at Baker and similar facilities and provide advocacy surrounding such conditions.

18. Prior to this lawsuit, the ACLU of Florida submitted requests to BCSO for the subject records. BCSO and ICE officers directed the ACLU of Florida to ICE for these records pursuant to BCSO's IGSA, which makes Defendants the custodians of records for the records sought herein.

19. The ACLU of Florida then issued three FOIA requests to ICE. As the ACLU of Florida explained in its requests, "the records sought here will significantly contribute to the public's understanding of Baker's use of solitary confinement and use of force against individuals detained there, and Baker's provision of mental health care for individuals detained there." The purpose of the requests was to "both to inform and support an administrative complaint on behalf of [the subject individual detained at Baker], as well as to inform the public of Baker's treatment of individuals detained in their care." As the ACLU of Florida explained in its final FOIA request: "Given the allegations of abuse from Baker and ICE officials regarding these practices at Baker, there is pressing, ongoing media interest on this subject. The requested records will shed light on Baker and ICE's actual practices, affecting the public's confidence in the government's integrity."

### The FOIA Requests

**I.      Request No. 2024-ICFO-20675**

20. On February 21, 2024, the ACLU of Florida requested records from ICE, which Defendants maintain in their possession, custody, and control pursuant to the IGSA with BCSO.

21. Specifically, the ACLU of Florida requested the following records:[2]

---

[2] Given the nature of the allegations and circumstances, any information about the individual or that may otherwise identify the subjects of the FOIA requests is withheld from this Complaint, including the specific nature of the incidents described in the FOIA requests. However, all of this information has been provided to Defendants in the FOIA requests.

  a. All of ICE/ERO's [3] records, documents, and communications pertaining to ICE/ERO's review of a specific incident involving an individual at Baker.

  b. All incident forms, reports, documents, and communications sent between Baker and ICE pertaining to that individual and/or incidents involving the individual.

  c. All records of investigations, reviews, and trainings conducted by Baker County Sheriff's Office or U.S. Immigration and Customs Enforcement pertaining to the individual.

22. On February 26, 2024, the ACLU of Florida received a pro forma processing letter from ICE, acknowledging the request and assigning the case number 2024-ICFO-20675.

23. That response did not deny or grant this request and merely informed the ACLU of Florida that (1) the request was assigned a case number, (2) ICE invoked its 10-day extension, (3) ICE would charge the ACLU of Florida as a media requester, and (4) ICE had queried the appropriate program offices for responsive records.

24. On March 25, 2024, the ACLU of Florida asked ICE for an anticipated completion date, as the ACLU of Florida had requested expedited processing.

25. On April 9, 2024, ICE responded that the request was "in the queue" to be processed on a first-in, first-out basis.

26. To date, the ACLU of Florida has received no substantive response, records, or even an expected date of completion for this request. As of October 24, 2024, according to ICE's FOIA request website, the Fee Waiver Request and the Expedited Processing request remain "Pending Decision," and the Request Status is "Processing."

---

[3] "ERO" is ICE's Enforcement and Removal Operations division, which manages detention of individuals in ICE custody.

## II. Request No. 2024-ICFO-20679

27. On February 21, 2024, the ACLU of Florida requested records from ICE, which Defendants maintain in their possession, custody, and control pursuant to the IGSA with BCSO.

28. Specifically, the ACLU of Florida requested footage taken at Baker related to an incident involving the same individual in the preceding FOIA request. This request sought:

   a. All surveillance video, bodycam footage, and electronic recordings of the specific incident identified in the request that led to the individual's placement in solitary confinement.

   b. All bodycam footage of Baker's use of force and use of restraints against the individual while they were detained at Baker. [The request contains additional details about the nature of the footage and which staff members' bodyworn camera footage was also requested for specific time frames.]

29. On February 26, 2024, the ACLU of Florida received a pro forma processing letter from ICE, acknowledging the request and assigning the case number 2024-ICFO-20679.

30. That response did not deny or grant this request and merely informed the ACLU of Florida that (1) the request was assigned a case number, (2) ICE invoked its 10-day extension, (3) ICE would charge the ACLU of Florida as a non-commercial requester, and (4) ICE had queried the appropriate program offices for responsive records.

31. On March 25, 2024, the ACLU of Florida asked ICE for an anticipated completion date, as the ACLU of Florida had requested expedited processing.

32. On April 9, 2024, ICE responded that it had "queried the appropriate component of DHS for responsive records" and if any were located, they would be "reviewed for determination of releasability" and processed "as expeditiously as possible."

33. To date, the ACLU of Florida has received no substantive response, records, or even an expected date of completion for this request. As of October 24, 2024, according to ICE's FOIA request website, the Fee Waiver Request and the Expedited Processing request remain "Pending Decision," and the Request Status is "Searching for Records."

### III. Request No. 2024-ICFO-53110

34. On August 23, 2024, the ACLU of Florida requested additional records from ICE related to a second individual, which Defendants maintain in their possession, custody, and control pursuant to the IGSA with BCSO.

35. Specifically, the ACLU of Florida requested footage taken at Baker related to an incident involving this second individual. This request sought:

    a. All surveillance video, bodycam footage, electronic recordings, and records of a specific incident at Baker involving this individual and any other incidents involving this individual, as fully described in the FOIA request.

    b. All documents, including communications or reports, pertaining to that incident, including information received from or sent to Baker, any investigation ICE conducted pertaining to the incidents, and any findings or conclusions regarding the same.

36. On September 10, 2024, the ACLU of Florida received a pro forma processing letter from ICE, acknowledging the request and assigning the case number 2024-ICFO-53110.

37. That response did not deny or grant this request and merely informed the ACLU of Florida that (1) the request was assigned a case number, (2) ICE granted the ACLU of Florida's request for expedited processing, (3) ICE would waive any fees or costs associated with the request, and (4) ICE had queried the appropriate program offices for responsive records.

38. To date, the ACLU of Florida has received no substantive response, records, or even an expected date of completion for this request. As of October 24, 2024, according to ICE's FOIA request website, the Request Status is "Searching for Records."

## COUNT I

### Violation of 5 U.S.C. § 522(a)(6)(A)(i)
### Failure to Timely Make a Determination as to the FOIA Requests
### (against DHS and ICE)

The ACLU of Florida reincorporates and realleges paragraphs 1 through 38 above as if fully set forth herein.

39. The ACLU of Florida properly submitted its three FOIA requests, seeking records within the possession, custody, and control of Defendants.

40. Defendants are obligated under 5 U.S.C. § 522(a)(3) to produce records responsive to the ACLU of Florida' requests.

41. Under 5 U.S.C. § 522(a)(6)(A)(i), each federal agency, upon receiving a FOIA request, "shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of its "determination and reasons therefor"; the right of the requester "to seek assistance from the FOIA Public Liaison of the agency"; or, "in the case of an adverse determination," the right to appeal.

42. The 20-day deadline by which Defendants were required to communicate their determination for all three requests—even with the additional 10 working days for "unusual circumstances"—has lapsed.

43. The ACLU of Florida has a statutory right to the records it seeks, and there is no basis for Defendants to withhold them.

44. As of the filing of this Complaint, Defendants have not provided to the ACLU of Florida a determination on any of the three FOIA records requests at issue.

45. Because no basis exists for Defendants' failure to respond to the three FOIA requests, Defendants have violated FOIA.

46. Under 5 U.S.C. § 522(a)(6)(C)(i), a requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with . . . [FOIA's] applicable time limit provisions." Accordingly, the ACLU of Florida has exhausted its administrative remedies.

## COUNT II

**Violation of 5 U.S.C. § 522(a)(3)(A)-(D)**
**Failure to Make a Reasonable Effort to Search for and Release Records**
**(against DHS and ICE)**

The ACLU of Florida reincorporates and realleges paragraphs 1 through 38 above as if fully set forth herein.

47. The ACLU of Florida properly submitted its three FOIA requests, seeking records within the possession, custody, and control of Defendants.

48. Defendants are obligated under 5 U.S.C. § 522(a)(3)(C) to conduct a reasonable search and to produce records responsive to the ACLU of Florida's FOIA requests.

49. Defendants failed to satisfy the ACLU of Florida's requests for the search and release of records in the FOIA requests and failed to provide any justification for their failure.

50. As a result of Defendants' failure to conduct an adequate search and promptly produce the materials requested by the ACLU of Florida, they have violated 5 U.S.C. § 522(a)(3)(A)-(D) and its corresponding regulations.

## COUNT III

**Violation of 5 U.S.C. § 552(a)(4) & (6)
Failure to Grant Fee Waiver
(against DHS and ICE)**

The ACLU of Florida reincorporates and realleges paragraphs 1 through 38 above as if fully set forth herein.

51. The ACLU of Florida properly submitted its three FOIA requests, seeking records within the possession, custody, and control of Defendants.

52. In each of those requests, the ACLU of Florida asserted it was entitled to a waiver of all costs because disclosure of the records sought "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

53. Specifically, the requests stated that "the records sought here will significantly contribute to the public's understanding of Baker's use of solitary confinement and use of force against individuals detained there, and Baker's provision of mental health care for individuals detained there." And the purpose of the requests was to "both to inform and support an administrative complaint on behalf of [individual], as well as to inform the public of Baker's treatment of individuals detained in their care."

54. Despite how the ACLU of Florida set forth the same basis for their fee waiver requests in each of the three FOIA requests, Defendants' response was different for each request, and Defendants only granted the third request for a fee waiver.

55. For the first request, Request No. 2024-ICFO-20675, Defendants categorized the ACLU of Florida as a "media" requester, subject to duplication costs, with the first 100 pages of records produced at no cost.

56. For the second request, Request No. 2024-ICFO-20679, Defendants categorized the ACLU of Florida as a "non-commercial" requester, subject to duplication costs and search time, with the first 100 pages of records and two hours of search time provided at no cost.

57. For the third request, Request No. 2024-ICFO-53110, Defendants granted the ACLU of Florida's request for a fee waiver.

58. All three of the FOIA requests sought records related to similar issues at Baker for the purpose of informing the public of those conditions at Baker, like ACLU of Florida had done in the past concerning this facility.

59. As such, Defendants violated FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and corresponding regulations, when Defendants failed to waive all search, review, processing, and duplication fees in connection with the first two FOIA requests. Alternatively, Defendants violated FOIA when they categorized the ACLU of Florida as a "non-commercial requester" as to the second request (processed as Request No. 2024-ICFO-20679) instead of providing a complete public interest waiver or categorizing the ACLU of Florida as a media requester, as they did in the first FOIA request.

## **Requested Relief**

Plaintiff American Civil Liberties Union of Florida, Inc. respectfully requests that the Court:

A. Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

B. Declare that Defendants' failure to respond and produce the requested records is unlawful;

C. Declare that the ACLU of Florida is entitled to disclosure of the requested records;

D. Declare that the ACLU of Florida is entitled to a complete fee waiver for the first two requests;

E. Order Defendants to immediately process and disclose all records responsive to the FOIA requests that are not specifically exempt from disclosure under FOIA;

F. Enjoin Defendants from continuing to withhold any and all nonexempt records responsive to the FOIA requests;

G. Award reasonable attorney's fees and costs of litigation under 5 U.S.C. § 552(a)(4)(E); and

H. Grant all other relief that the Court deems just and proper.

Dated: October 24, 2024

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
9000 Dadeland Blvd., Suite 1500
Miami, Florida 33156
Tel. (305) 523-9023
james@slater.legal

Amien Kacou (FBN 44302)
Amy Godshall (FBN 1049803)
Daniel B. Tilley (FBN 102882)
ACLU Foundation of Florida
4343 W. Flagler Street, Suite 400
Miami, FL 33134
Tel. (786) 363-2700
akacou@aclufl.org
agodshall@aclufl.org
dtilley@aclufl.org

*Attorneys for Plaintiff American Civil Liberties Union of Florida, Inc.*