# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC., | ) <br> ) <br> ) <br> ) |
| Plaintiff, | )   Case No. 24-cv-24126-KMW <br> ) |
| v. | )   **DEFENDANT'S ANSWER AND** <br> )   **AFFIRMATIVE DEFENSES TO** <br> )   **PLAINTIFF'S COMPLAINT** |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

Defendants the U.S. Department of Homeland Security ("DHS") [1] and its component, U.S. Immigration and Customs Enforcement ("ICE") (collectively the "Defendants"), by and through their undersigned counsel, answer the Complaint filed on October 24, 2024, by Plaintiff American Civil Liberties Union Foundation ("Plaintiff" or "ACLU") as follows:

## ANSWER AND DEFENSES

Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted herein, it is denied. Without waiving any defenses or objections, and in response to the numbered paragraphs in Plaintiff's Complaint, Defendants answer as follows:

---

[1] Although DHS is a named Defendant, DHS did not receive and had no involvement in the processing of Plaintiff's FOIA request.  Other than ICE being a component of DHS, DHS had no involvement in the subject matter of the instant action and the claims in the subject suit are lodged solely against ICE.

## Preliminary Statement[2]

1.      The allegations contained in Paragraph 1 consist of legal conclusions regarding the purpose of the Freedom of Information Act ("FOIA") 5 U.S.C. § 552, *et seq.*, to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the court to the FOIA and authorities cited by Plaintiff, in their entirety for an accurate and complete reading of their contents and deny any allegations inconsistent therein.

2.      The allegations contained in Paragraph 2 consist of legal conclusions regarding the application and purpose of the FOIA, to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the court to the FOIA and authorities cited by Plaintiff, in their entirety for an accurate and complete reading of their contents and deny any allegations inconsistent therein.

3.      The allegations contained in Paragraph 3 consist of legal conclusions regarding specific provisions of the FOIA, to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the court to the FOIA, in its entirety for an accurate and complete reading of its contents and deny any allegations inconsistent therein.

4.      The allegations contained in Paragraph 4 consist of legal conclusions regarding the power and authority of this court under the FOIA, to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the court to the FOIA, in its entirety for an accurate and complete reading of its contents and deny any allegations inconsistent therein.

---

[2] For ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Defendants believe that no response is required to such headings. To the extent these headings and titles are construed to contain factual allegations where a response is deemed required, such allegations are denied.

5.      As to the first and second sentences in Paragraph 5, Defendants admit that Plaintiff submitted two FOIA requests to ICE, dated February 21, 2024, and a third FOIA request to ICE, dated August 23, 2024, and respectfully refer the Court to the FOIA requests for an accurate and complete reading of their contents and deny any allegations inconsistent therein. The allegations contained in the last sentence of Paragraph 5 do not set forth a claim for relief or aver facts in support of a claim, and no response is required. To the extent that a response is deemed required, Defendants admit that an IGSA was entered into with ICE in August 2009 and respectfully refer the Court to the publicly available[3] document for an accurate and complete reading of its contents and deny any allegations inconsistent therein.

6.      Defendants admit that ICE acknowledged receipt of three FOIA requests submitted to ICE on February 21, 2024, and August 23, 2024, and deny any remaining the allegations contained in Paragraph 6

7.      Defendants admit that as of the filing of the instant complaint, ICE had not provided a final response to Plaintiffs FOIA requests.

## Parties, Jurisdiction & Venue

8.      Paragraph 8 consists of Plaintiff's characterization of itself and the work it does, to which no response is required. To the extent that a response is deemed required, Defendants lack insufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations and therefore they are denied.

9.      The allegations contained in the first sentence of Paragraph 9 consist of legal conclusions, to which no response is required.  To the extent that a response is deemed required,

---

[3] *See* https://www.ice.gov/doclib/foia/detFacContracts/DROIGSA090038_P00001-22_BakerCoSheriffDept.pdf

Defendants admit that ICE is a component of DHS and an agency for purposes of the FOIA. Defendants admit in the second and third sentences that ICE has field offices located in Florida and that ICE may have possession of records responsive to Plaintiff's FOIA requests. The allegations contained in the last sentence of Paragraph 9 do not set forth a claim for relief or aver facts in support of a claim and require no response.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the publicly available IGSA agreement and deny any allegations inconsistent therein.  Defendants deny the remaining allegations contained in Paragraph 9.

10.     Defendants admit that DHS is an agency of the U.S. Government and deny the remaining allegations contained in Paragraph 10.

11.     The allegations contained in Paragraph 11 consist of conclusions of law regarding jurisdiction, to which no response is required.  To the extent that a response is deemed required, Defendants admit that this Court has jurisdiction subject to the limitations of the FOIA and deny any remaining allegations contained in Paragraph 11.

12.     The allegations contained in Paragraph 12 consist of conclusions of law regarding venue, to which no response is required.  To the extent that a response is deemed required, Defendants admit only that venue is proper in this judicial district and deny any remaining allegations contained in Paragraph 12.

**Factual background**

13.     The allegations contained in Paragraph 13 do not set forth a claim for relief or aver facts in support of a claim and require no response. To the extent that a response is deemed

required, Defendants respectfully refer the Court to the publicly available document [4] for an accurate and complete reading of its contents and deny any allegations inconsistent therein.

14.     The allegations contained in Paragraph 14 do not set forth a claim for relief or aver facts in support of a claim and require no response. To the extent that a response is deemed required, Defendants respectfully refer the Court to the publicly available document [5] for an accurate and complete reading of its contents and deny any allegations inconsistent therein.

15.     The allegations contained in Paragraph 15 do not set forth a claim for relief or aver facts in support of a claim and require no response. To the extent that a response is deemed required, as to the first and second sentences of Paragraph 15, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 and they are therefore denied. As to the last sentence of Paragraph 15, Defendants respectfully refer the Court to the document cited by Plaintiff for a complete and accurate reading of its contents and deny any allegations inconsistent therein.

16.     The allegations contained in Paragraph 16 do not set forth a claim for relief or aver facts in support of a claim and require no response. To the extent that a response is deemed required, Defendants respectfully refer the Court to the documents cited by Plaintiff for a complete and accurate reading of their contents and deny any allegations inconsistent therein.

17.     Defendants admit in Paragraph 17 that Plaintiff submitted FOIA requests to ICE and respectfully refer the Court to those FOIA requests for a complete and accurate reading of their contents and deny any allegations inconsistent therein. The remaining allegations in

---

[4] *See* https://www.ice.gov/doclib/facilityInspections/dedicatedNonDedicatedFacilityList.xlsx

[5] *See* www.ice.gov/doclib/detentionstandards/2019/overview.pdf

Paragraph 17 do not set forth a claim for relief or aver facts in support of a claim and require no response. To the extent that a response is deemed required. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore they are denied.

18.     The allegations contained in Paragraph 18 consists of Plaintiff's characterizations of their pre-suit actions and conclusions of law that which require no response. To the extent that a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the any statements or allegations contained in Paragraph 18.

19.     Defendants admit only that Plaintiff submitted FOIA requests to ICE and respectfully refer the Court to the FOIA requests for a complete and accurate reading of their contents and deny any allegations inconsistent therein. The remaining allegations consist of conclusions of law, to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

### The FOIA Requests

**I. Request No. 2024-ICFO-20675**

20.     Defendants admit that Plaintiff submitted a FOIA request to ICE and that ICE may have possession of records responsive to the request, and deny the remaining allegations contained in Paragraph 20.

21.     Defendants admit that Plaintiff submitted a FOIA request to ICE, and respectfully refer the Court to FOIA request for a complete and accurate description of its contents and deny any allegations inconsistent therein.

22.     Defendants admit that ICE acknowledged the request on February 26, 2024, and assigned it request number 2024-ICFO-20675.

23.     Defendants admit in Paragraph 23 that the ICE acknowledgment assigned a request number, invoked a ten day extension, treated the Plaintiff as a media requester for the costs of complying with the request, and also stated that appropriate program offices were queried for responsive records. Defendants respectfully refer the Court to the acknowledgment for a complete and accurate reading of its contents and deny any allegations inconsistent therein.

24.     Defendants admit that Plaintiff contacted ICE for an update on the processing of the request and respectfully refer the Court to that correspondence for a complete and accurate reading of its contents. Defendants deny any allegations inconsistent therewith.

25.     Defendants admit that ICE provided a response to Plaintiff's inquiry, and respectfully refer the Court to that correspondence for a complete and accurate reading of its contents. Defendants deny any allegations inconsistent therewith.

26.     Defendants admit that as of the filing of the Complaint ICE had not provided a final response to Plaintiff's FOIA request.  The remaining allegations contain Plaintiff's characterization of what the FOIA request website stated as of October 24,2024.  As to those allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity as to what was reflected on the website as of October 24, 2024 and therefore the allegations are denied.

**II. Request No. 2024-ICFO-20679**

27.     Defendants admit that Plaintiff submitted a FOIA request to ICE and that ICE may have possession of records responsive to Plaintiff's FOIA request. Defendants deny the remaining allegations contained in Paragraph 27.

28.     Defendants admit that Plaintiff submitted a FOIA to ICE and respectfully refer the Court to the FOIA request for a complete and accurate description of its contents. Defendants deny any allegations inconsistent therewith.

29.     Defendants admit that ICE acknowledged the request on February 26, 2024, and assigned it request number 2024-ICFO-20679.

30.     Defendants admit that the ICE acknowledgment assigned a request number, invoked a ten day extension, treated the Plaintiff as a non-commercial requester for the costs of complying with the request, and also stated that appropriate program offices were queried for responsive records. Defendants respectfully refer the Court to the acknowledgment for a complete and accurate reading of its contents. Defendants deny any allegations inconsistent therewith.

31.     The allegations contained in Paragraph 31 do not set forth a claim for relief or aver facts in support of a claim and require no response. To the extent that a response is required, Defendants respectfully refer the Court to the Plaintiff's correspondence for a complete and accurate description of its contents and deny any allegations inconsistent therein.

32.     The allegations contained in Paragraph 32 do not set forth a claim for relief or aver facts in support of a claim and require no response. To the extent that a response is required, Defendants respectfully refer the Court to the Plaintiff's correspondence for a complete and accurate description of its contents and deny any allegations inconsistent therewith.

33.     Defendants admit that as of the filing of the Complaint ICE had not provided a final response to Plaintiff's FOIA request.   The remaining allegations contain Plaintiff's characterization of what the FOIA request website stated as of October 24,2024.  As to those allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or

falsity as to what was reflected on the website as of October 24, 2024, and therefore the allegations are denied.

**III. Request No. 2024-ICFO-53110**

34.    Defendants admit that Plaintiff submitted a FOIA request to ICE and respectfully refer the Court to the request for a complete and accurate reading of its contents. Defendants deny any allegations inconsistent therewith and admit that ICE may have possession of records responsive to the request.

35.    Defendants admit that Plaintiff submitted a FOIA request to ICE and respectfully refer the Court to FOIA request for a complete and accurate description of its contents. Defendants deny any allegations inconsistent therewith.

36.    Defendants admit that ICE acknowledged the request on August 23, 2024, and assigned it request number 2024-ICFO-53110.

37.    Defendants admit that the ICE acknowledgment assigned a request number, granted Plaintiff's request for expedited treatment, granted Plaintiff's request for a fee waiver, and also stated that appropriate program offices were queried for responsive records. Defendants respectfully refer the Court to the acknowledgment for a complete and accurate reading of its contents and deny any allegations inconsistent therewith.

38.    Defendants admit that as of the filing of the Complaint ICE had not provided a final response to Plaintiff's FOIA request.   The remaining allegations contain Plaintiff's characterization of what the FOIA request website stated as of October 24,2024.   As to those allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity as to what was reflected on the website as of October 24, 2024 and therefore the allegations are denied.

## <u>COUNT I</u>
**Violation of 5 U.S.C. § 522(a)(6)(A)(i) Failure to Timely Make a Determination as to the FOIA Requests (against DHS and ICE)**

Defendants reincorporate and reallege Paragraphs 1-38 above as if fully set forth herein.

39.     The allegations contained in Paragraph 39 consist of conclusions of law, to which no response is required.  To the extent that a response is deemed required, the Defendants admit only that Plaintiff submitted three FOIA requests to ICE and that ICE may have possession of records responsive to the request and deny the remaining allegations.

40.     The allegations contained in Paragraph 40 consist of conclusions of law, to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

41.     The allegations contained in Paragraph 41 consist of conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendants admit that the FOIA provides timelines for responses to FOIA requests and respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therein.

42.     The allegations contained in Paragraph 42 contains conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendants admit only that the FOIA provides timelines for responses to FOIA requests and respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therein. Defendants deny the remaining allegations contained in Paragraph 42.

43.     The allegations contained in Paragraph 43 consist of conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations.

44.     Defendants admit that as of the date of filing of the Complaint ICE had not provided a final response to Plaintiff's FOIA requests.

45.     The allegations contained in Paragraph 45 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations.

46.     The allegations contained in Paragraph 46 contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants admit that the FOIA provides parameters pertaining to exhaustion of administrative remedies and respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.   Defendants deny the remaining allegations contained in Paragraph 46.

**COUNT II**

**Violation of 5 U.S.C. § 522(a)(3)(A)-(D) Failure to Make a Reasonable Effort to Search for and Release Records (against DHS and ICE)**

Defendants reincorporate and reallege paragraphs 1-46 above as if fully set forth herein.

47.     The allegations contained in Paragraph 47 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants admit only that Plaintiff submitted three FOIA requests to ICE and that ICE may have possession of records responsive to the requests and deny the remaining allegations.

48.     The allegations contained in Paragraph 48 consist of conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendants admit only

that the FOIA provides parameters for the search and release of records and respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegations inconsistent therewith.  Defendants deny the remaining allegations contained in Paragraph 48.

49.     The allegations contained in Paragraph 49 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations.

50.     The allegations contained in Paragraph 50 consist of and conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations.

## <u>COUNT III</u>

**Violation of 5 U.S.C. § 552(a)(4) & (6) Failure to Grant Fee Waiver (against DHS and ICE)**

Defendants reincorporate and reallege paragraphs 1-50 above as if fully set forth herein

51.     The allegations contained in Paragraph 51 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, the Defendants admit only that that Plaintiff submitted three FOIA requests to ICE and that ICE may have possession of records responsive to Plaintiff FOIA requests and deny the remaining allegations.

52.     Defendants admit only that the Plaintiff's FOIA requests sought fee waivers and respectfully refer the Court to each FOIA request for a complete and accurate description of their respective contents and deny any allegations inconsistent therein.  Defendants deny the remaining allegations contained in Paragraph 52 or that the Plaintiff is entitled to a fee waiver.

53.     Defendants admit only that the Plaintiff's FOIA requests sought fee waivers and respectfully refer the Court to each FOIA request for a complete and accurate description of their

respective contents and deny any allegations inconsistent therein.  Defendants deny the remaining allegations contained in Paragraph 52 or that the Plaintiff is entitled to a fee waiver.

54.    Defendants admit that Plaintiff sought a fee waiver in each of the FOIA requests and respectfully refer the Court to the FOIA requests for a complete and accurate reading of their contents and deny any allegations inconsistent therein.

55.    Defendants admit that for request 2024-ICFO-20675, ICE identified the Plaintiff as a media requester for the purposes of costs, that the first 100 pages were free, and respectfully refer the Court to ICE's acknowledgment for a complete and accurate reading of its contents and deny any allegations inconsistent therein.

56.    Defendants admit that for request 2024-ICFO-20679, ICE identified the Plaintiff as a non-commercial requester for the purposes of costs, that the first 100 pages, that the first two hours of search time were free, and respectfully refer the Court to ICE's acknowledgment for a complete and accurate reading of its contents and deny any allegations inconsistent therein

57.    The Defendants admit the allegations contained in Paragraph 57.

58.    Defendants admit that Plaintiff submitted three FOIA requests to ICE and respectfully refer the Court to the requests for a complete and accurate reading of their contents and deny any allegations inconsistent therein.  As for the remaining allegations Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 and therefore they are denied.

59.    The allegations contained in Paragraph 59 consist of conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations.

## REQUESTED RELIEF

The remainder of the Complaint contains Plaintiff's request for relief to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested in its prayer for relief, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

### SECOND DEFENSE

Any information that Defendants have withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552(a), *et seq.*  Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusion to FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.  Defendants are entitled to invoke all exemptions and other defenses available under the Freedom of Information Act and the Privacy Act.

### THIRD DEFENSE

The Court lacks subject matter jurisdiction over the Plaintiff's requests for relief to the extent those requests exceed the relief authorized under FOIA.  *See* 5 U.S.C. § 552. Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

**FOURTH DEFENSE**

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances that necessitate additional time for Defendants to process Plaintiff's FOIA requests.

**FIFTH DEFENSE**

Defendants may have additional defenses which are not known at this time, but which may become known. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

**SIXTH DEFENSE**

Plaintiff is not entitled to attorneys' fees or costs.

**SEVENTH DEFENSE**

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

**EIGHTH DEFENSE**

Plaintiff's FOIA requests do not reasonably describe the records sought, and therefore do not comply with the FOIA and/or do not trigger a search or production obligation. Plaintiff's FOIA requests are not enforceable under the FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

**NINTH DEFENSE**

The FOIA does not authorize the injunctive relief requested.

**TENTH DEFENSE**

There is no provision in the FOIA for obtaining declaratory relief.

**ELEVENTH DEFENSE**

The Court lacks jurisdiction over any matter to the extent Plaintiff has failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in a FOIA request at issue in this action.

**WHEREFORE**, having fully answered, Defendants respectfully request this Court to: (1) dismiss the Complaint with prejudice and order that the Plaintiffs take nothing and are granted no relief; (2) enter judgment in favor of Defendants; (3) award the Defendants costs and disbursements incurred in defending this matter; and (4) grant such further relief as the Court deems just and proper.

<div style="margin-left: 40%;">

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

s/ Carlos Raurell
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9243
Fla. Bar No. 529893
Email: carlos.raurell@usdoj.gov

</div>