UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-24126-CIV-WILLIAMS

AMERICAN CIVIL LIBERTIES UNION
OF FLORIDA, INC.,

    Plaintiff,

v.

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT, UNITED
STATES DEPARTMENT OF HOMELAND
SECURITY,

    Defendants.
_____/

## JOINT STATUS REPORT

Pursuant to the Court's Paperless Order at ECF No. 10, Plaintiff, American Civil Liberties Union of Florida, Inc., and Defendants, United States Department of Homeland Security, through its component, Defendant Immigration and Customs Enforcement (ICE), jointly file this Status Report advising the Court of what progress has been made in resolving the issues in the case and what remains to be done.

1. Plaintiff filed this action seeking relief under the Freedom of Information Act, 552 U.S.C. § 552 for ICE's alleged failure to respond as required by FOIA to three requests for information related to two individuals' detention in ICE custody at the Baker County Detention Center in Macclenny, Florida.

2. Since the filing of Plaintiff's Complaint (ECF NO. 1), ICE issued its final response to two of the three FOIA requests at issue. The agency invoked FOIA Exemption 7A (5 U.S.C. § 552(b)(7)(A)) to withhold in full materials responsive to Request Nos. 2024-

ICFO-20675 and 2024-ICFO-20679, on the grounds that the material requested was compiled for law enforcement purposes and its disclosure could reasonably be expected to interfere with enforcement proceedings.

3. With regard to the third FOIA request at issue, Request No. 2024-ICFO-53110, ICE has produced responsive material to Plaintiff and continues processing the remaining responsive material for production.

4. Following the completion of ICE's production of responsive material to Plaintiff, and to the extent the parties cannot narrow or eliminate areas of disagreement, the Court will need to adjudicate the adequacy of the agency's search for responsive material and/or the lawfulness of the agency's assertion of FOIA Exemptions to withhold responsive material.[1]

5. Pursuant to the Court's previously entered briefing schedule, motions for summary judgment are due on June 3, 2025; responses are due on July 8, 2025; and replies are due on July 22, 2025.

Dated:  March 17, 2025                                  Respectfully submitted,

Miami, Florida

/s/ James Murray Slater
Slater Legal PLLC
9000 Dadeland Blvd. #1500
Miami, Florida 33156
305-523-9023
james@slater.legal
*Counsel for Plaintiff*

---

[1] Lawsuits under the Freedom of Information Act are generally resolved through motions for summary judgment, thus obviating the need for trial. *See Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993) ("FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified").

HAYEN O'BYRNE
UNITED STATES ATTORNEY

By: /s/ Carlos Raurell
Carlos Raurell
Assistant United States Attorney
Florida Bar No. 529893
Carlos.Raurell@usdoj.gov
United States Attorney's Office
99 NE 4th Avenue, Suite 300
Miami, Florida 33132
Telephone: (305) 961-9243
Facsimile: (305) 530-7139
*Attorneys for the Defendant*