UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-24126-CIV-WILLIAMS

AMERICAN CIVIL LIBERTIES UNION
OF FLORIDA, INC.,

      Plaintiff,

v.

UNITED STATES IMMIGRATION AND
 CUSTOMS ENFORCEMENT, UNITED
STATES DEPARTMENT OF HOMELAND
SECURITY,

      Defendants.

_____/

## JOINT STATUS REPORT

Pursuant to the Court's Paperless order at ECF Nos. 10 and 14, Plaintiff, American Civil Liberties Union of Florida, Inc., and Defendants, United States Department of Homeland Security, through its component, Defendant Immigration and Customs Enforcement (ICE), jointly file this Status Report advising the Court of what progress has been made in resolving the issues in the case and what remains to be done.

1. Plaintiff filed this action on October 24, 2024, seeking relief under the Freedom of Information Act, 552 U.S.C. § 552 for ICE's alleged failure to respond as required by FOIA to three requests for information related to two individuals' detention in ICE custody at the Baker County Detention Center in Macclenny, Florida.

2. After the filing of Plaintiff's Complaint (ECF NO. 1), ICE completed its production of material response to on of the three requests, No. 2024-ICFO-53110. ICE also responded to two of the three FOIA requests at issue by invoking FOIA Exemption

7A (5 U.S.C. § 552(b)(7)(A)) to withhold in full materials responsive to Request Nos. 2024-ICFO-20675 and 2024-ICFO-20679, on the grounds that the material requested was compiled for law enforcement purposes and its disclosure could reasonably be expected to interfere with law enforcement proceedings.

3. While this action was pending, the law enforcement proceedings upon which ICE's assertion of Exemption 7A was based concluded.  The agency therefore withdrew its assertion of Exemption 7A as a basis for withholding records, processed the responsive material and made its final production to Plaintiff.

4. ACLU is satisfied with the agency's production of responsive material. Accordingly, there are no matters related to ICE's response to ACLU's FOIA requests requiring adjudication through motions for summary judgment.

5. The parties, however, disagree as to whether ACLU is eligible or entitled to recovery of its attorney's fees under FOIA. The parties intend to engage in a good faith effort to resolve ACLU's demand for fees as provided in Local Rule 7.3(b).

Dated:  August 5, 2025                              Respectfully submitted,

Miami, Florida

/s/ James Murray Slater
Slater Legal PLLC
9000 Dadeland Blvd.
Ste 1500
Miami, FL 33156
305-523-9023
Email: james@slater.legal
*Counsel for Plaintiff*

JASON REDING QUINONES
UNITED STATES ATTORNEY

By:   /s/ Carlos Raurell
      Carlos Raurell
      Assistant United States Attorney
      Florida Bar No. 529893
      Carlos.Raurell@usdoj.gov
      United States Attorney's Office
      99 NE 4th Avenue, Suite 300
      Miami, Florida 33132
      Telephone: (305) 961-9243
      Facsimile: (305) 530-7139
      *Attorneys for the Defendant*