UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-24126-CIV-WILLIAMS

AMERICAN CIVIL LIBERTIES UNION
OF FLORIDA, INC.,

Plaintiff,

v.

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT, UNITED
STATES DEPARTMENT OF HOMELAND
SECURITY,

Defendants.
_______________________________/

**JOINT STATUS REPORT**

Pursuant to the Court's Paperless order at ECF No. 33, Plaintiff, American Civil Liberties Union of Florida, Inc., and Defendants, United States Department of Homeland Security, through its component, Defendant Immigration and Customs Enforcement (ICE), jointly file this Status Report apprising the Court of the status the parties' discussion regarding attorneys' fees and indicate whether court intervention is necessary.

1. Plaintiff filed this action on October 24, 2024, seeking relief under the Freedom of Information Act, 552 U.S.C. § 552 for ICE's alleged failure to respond as required by FOIA to three requests for information related to two individuals' detention in ICE custody at the Baker County Detention Center in Macclenny, Florida.
2. After the filing of Plaintiff's Complaint (ECF NO. 1), ICE completed its production of material response to on of the three requests, No. 2024-ICFO-53110. ICE also responded to two of the three FOIA requests at issue by invoking FOIA Exemption

7A (5 U.S.C. § 552(b)(7)(A)) to withhold in full materials responsive to Request Nos. 2024-ICFO-20675 and 2024-ICFO-20679, on the grounds that the material requested was compiled for law enforcement purposes and its disclosure could reasonably be expected to interfere with law enforcement proceedings.

3. While this action was pending, the law enforcement proceedings upon which ICE's assertion of Exemption 7A was based concluded. The agency therefore withdrew its assertion of Exemption 7A as a basis for withholding records, processed the responsive material and made its final production to Plaintiff.

4. ACLU of Florida is satisfied with the agency's production of responsive material, but the parties have yet to resolve ACLU of Florida's demand for attorneys' fees.

5. The parties are currently engaged in a good faith effort to resolve ACLU of Florida's demand for attorneys' fees. To that end, the parties have discussed their respective positions on ACLU of Florida's eligibility and entitlement to fees under FOIA, ACLU of Florida has provided Defendants records of the attorney fees it has incurred, and ACLU of Florida has tendered a proposal for settlement. DHS and ICE are considering ACLU of Florida's proposal and the parties remain hopeful that the issue may be resolved without further judicial intervention.

6. Accordingly, the parties respectfully request leave to file another status report on or before October 9, 2026, apprising the Court of the status of ACLU of Florida's demand for fees.

Dated: September 9, 2026

Miami, Florida

Respectfully submitted,

/s/ James M. Slater
James M. Slater
Florida Bar No. 111779
Slater Legal PLLC
9000 Dadeland Blvd. Ste 1500
Miami, FL 33156
Tel. 305-523-9023
james@slater.legal
*Counsel for Plaintiff*

JASON REDING QUINONES
UNITED STATES ATTORNEY

By: /s/ Carlos Raurell
Carlos Raurell
Assistant United States Attorney
Florida Bar No. 529893
Carlos.Raurell@usdoj.gov
United States Attorney's Office
99 NE 4th Avenue, Suite 300
Miami, Florida 33132
Telephone: (305) 961-9243
Facsimile: (305) 530-7139
*Attorneys for the Defendant*